UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                              **Hon. Hugh B. Scott**

06CR386S

VINCENT COLLINS,                                **Order**

Defendant.

Before the Court is defendant's motion for various forms of discovery and other relief

(Docket Nos. 33, 31[1]).  Pretrial matters in this case were referred to the undersigned on

November 2, 2006 (Docket No. 27).  The Scheduling Order had responses to this motion due by

March 12, 2007 (Docket No. 25), and argument was scheduled for March 19, 2007, defense

counsel was not present, but the motion was deemed then submitted on the papers.

BACKGROUND

Defendant was indicted in an eight-count Indictment, for violations of 21 U.S.C. §§ 846,

841(a)(1), 844(a), and 18 U.S.C. §§ 1028(a)(6), and 472 (Docket No. 22).  In particular,

defendant is charged with conspiracy to distribute quantities of fentanyl, cocaine, oxycodone,

hydrocodone, between January 2004 and February 2006 (id., Count 1) and possession on

February 1, 2006, of these controlled substances (id., Counts 2, 3, 5).  He is also charged with

possession of marijuana (id., Count 4) and diazepam (id., Count 6) on that same date.  Defendant

---

[1]Defendant initially attempted to make his motion but was required to refile consistent
with the Court's ECF regulations.  In support of the motion is defendant's motions for relief,
Docket Nos. 33, 31.  In opposition, the Government filed its Response, Docket No. 34.

allegedly possessed a stolen social security card, in violation of 18 U.S.C. § 1028(a)(6) and (b)(6)

(id., Count 7), and also kept in his possession a forged five dollar bill, in violation of 18 U.S.C.

§ 472 (id., Count 8).

*Defendant's Omnibus Motion*

Defendant seeks several forms of relief, moving for

- a Bill of Particulars;
- identification of government informants;
- Rule 16 disclosure, in particular of
  defendant's statements,
  defendant's prior record,
  intercepted communications,
  fruit of any searches,
  documents and tangible materials,
  identification items,
  reports of examinations or tests,
  Jencks Act materials;
- Brady materials;
- Federal Rules of Evidence 404(b), 608, and 609 evidence;
- Witnesses' statements, pursuant to the Jencks Act;
- preservation of rough notes;
- pretrial production of the Government's summaries;
- an audibility hearing of any tapes the Government intends to use;
- transcript from the grand jury.

(Docket No. 33.)  Defendant seeks counsel participation in the voir dire of the jury and a voir dire

of the Government's experts outside the presence of the jury (id.).  He also seeks to exclude post-

arrest statements by any non-testifying alleged co-conspirators and any testimonial hearsay that is

barred by the Sixth Amendment, see Crawford v. Washington, 541 U.S. 36 (2004) (id.).

The Government responds generally that it has produced much of the discovery items

sought by defendant (Docket No. 34, Gov't Response at 2, 5, Ex. A).  The Government addresses

some of the requested particularity sought by defendant in a Bill of Particulars and noted other

requests that were beyond the scope of such a Bill (id. at 2-4).

DISCUSSION

I.      Bill of Particulars

Defendant first seeks a Bill of Particulars, namely identifying the unidentified co-

conspirators, the specifics as to the conspiracy, "uncharged overt acts taken by the co-

conspirators including" defendant, and the like (Docket No. 33, Def. Motion at 4-5).  As

described above, the Government responded with some particularity (naming the co-conspirators,

denying any allegation regarding August 2002, indicating that the dates of the conspiracy were

alleged in Count 1 of the Indictment, that is, from January 2004 through February 2006), but

reserved its objection as to other items defendant wanted particularized (Docket No. 34, Gov't

Response at 2-4; Docket No. 22, Indictment, Count 1).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct

the filing of a Bill of Particulars.  "A bill of particulars is a statement of what the government

will or will not claim in its prosecution," United States v. GAF Corp., 928 F.2d 1253, 1260 (2d

Cir. 1991).  Bills of Particulars are to be used only to protect a defendant from double jeopardy

and to enable adequate preparation of a defense and to avoid surprise at trial.  United States v.

Torres, 901 F.2d 205, 234 (2d Cir. 1990).  The grant of a Bill of Particulars is within this Court's

sound discretion, with that discretion informed whether the particularization is necessary for

defendant to prepare for trial and to avoid unfair surprise at trial, see United States v. Feola,

651 F. Supp. 1068, 1132 (S.D.N.Y. 1987) (citations omitted), aff'd, 875 F.2d 857 (2d Cir.), cert.

denied, 493 U.S. 834 (1989).  In deciding whether to order the Government to particularize, the

3

Court must determine if the information sought was already provided in discovery or by other means, see id. at 1133. The Government is not obligated to "preview its case or expose its legal theory" United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977), nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988). In Davidoff, the Second Circuit stressed the need to particularize the elements of an alleged RICO conspiracy and predicate acts to forward that conspiracy, id. at 1154-55, see also id. at 1155 (Pierce, J., dissenting) (agreeing with majority if verdict was based upon predicate acts not specified in the Indictment or Bill of Particulars).

The Second Circuit, in Torres, supra, 901 F.2d at 234, affirmed the denial of bill of particulars seeking similar information about the drug conspiracy involving that appellant. Upon review of the Indictment and the Government's response to this motion here, the Court finds that defendant is **not entitled** to a Bill of Particulars inasmuch as the defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy. Thus, defendant's motion for this relief is **denied**.

II.     Identification of Government Informants

Defendant next seeks disclosure of the identities of Government informants (Docket No. 33, Def. Motion at 6-8). The Government responds that defendant is not entitled to the identities of non-criminal informants. If these witnesses are called to testify, however, the

Government intends to provide Jencks Act materials and impeachment disclosures for them.

(Docket No. 34, Gov't Response at 4-5).

III.    Rule 16 Discovery

While noting the Government's voluntary production, defendant next requests production

of items he is entitled to under the Rules and case law (Docket No. 33, Def. Motion at 8-9) and

prior notice of the Government's intention to use this evidence at trial (<u>id.</u> at 10).   The

Government contends that it produced much of the items sought by defendant in this portion of

the omnibus motion (Docket No. 34, Gov't Response at 2, 5).   The Government also provides

notice, under Rule 12(b)(4)(B), of its intention to use all the evidence produced at trial (<u>id.</u> at 5).

The parties rested on their respective papers and defendant has not specified what he now needs

to be produced.   Absent a more specific, updated objection, defendant's motion is deemed **moot**.

IV.    <u>Brady</u> Materials

Defendant seeks production of <u>Brady</u>/<u>Giglio</u> material, <u>Brady v. Maryland</u>, 373 U.S. 83

(1963), and its progeny, <u>see</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).   (Docket No. 33, Def.

Motion at 15-18).

The Government states that it believes that it does not have any <u>Brady</u> material, but is

aware of its obligation to produce such material and will do so when and if such evidence

becomes known (Docket No. 34, Gov't Response at 9).   The Government notes that one witness,

alleged co-conspirator Matthew Rola, when presented with a photo spread failed to identify the

defendant (<u>id.</u> at 9, 3).

Although there is no general constitutional right to pretrial discovery in a federal criminal

case, a defendant does have a pretrial discovery right with respect to certain matters.   For

example, under the Fifth Amendment's Due Process Clause, a defendant is entitled to specific

exculpatory evidence which is material either to guilt or punishment.  In addition, the

Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal

Procedure and the Jencks Act (18 U.S.C. § 3500).  <u>Brady</u> material, as those cases have come to

define it, includes all evidence which may be favorable to the defendant and material to the issue

of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which

might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and

information revealing prior misconduct . . . attributed to the [government's] witness."  <u>United</u>

<u>States v. Kiszewski</u>, 877 F.2d 210, 215 (2d Cir. 1989).

The motion identifies numerous specific categories of documents encompassing both

exculpatory and impeachment <u>Brady</u> materials which defendant seeks to obtain.  The

Government's written response acknowledges its obligation under <u>Brady</u> to produce such

information upon the government's acquisition of it.  (Docket No. 34, at 9.)

This Court believes that fundamental fairness and the constitutional due process

requirements which underlie <u>Brady</u> mandate that the Court have some discretion with respect to

the timing of the disclosure of such information.  The instant case does not appear to be

unusually complex and defendant is not contesting the timing of this disclosure.  Balancing all of

the above, the Court concludes that disclosure of such impeachment material, if any exists, in

accordance with the common practice in this district (prior to trial so long as it is disclosed in

sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is

sufficient in this case.  Defendants' motions, therefore, are **granted in part, denied in part**.

6

V.      Rule 404(b), 608, 609 Evidence

Next, defendant seeks notice of any evidence the Government contends would be admissible under Federal Rule of Evidence 404(b).  Defendant also requests disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a). (Docket No. 33, Def. Motion at 18-19.)  The Government responds that it is presently unaware of any such evidence, but it intends to disclose any such evidence it later learns of (Docket No. 34, Gov't Response at 10).  It denies any obligation to disclose pretrial information it intends to use for cross-examination (id.).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."  The Government has represented that it will provide all such material to defendant at the time of the pretrial conference in this case (see id.).  This is sufficient in this case.

VI.     Jencks Act for Witness Statements

Defendant next seeks immediate production of witness statements pursuant to the Jencks Act, 18 U.S.C. § 3500 (Docket No. 33, Def. Motion at 19-20).  The Government offers to provide Jencks Act materials in accordance with the District Court's pretrial schedule (Docket No. 34, Gov't Response at 10).

The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses.  Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until after the witness has testified at trial.  In this case, the Government has agreed to disclose this information at the pretrial conference (see

7

id.).  Defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case.  Therefore, defendant's motion for this relief is **granted in part**.

VII.    Preservation of Rough Notes

Defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 33, Def. Motion at 20-21).  The Government has agreed to preserve all items of evidence (Docket No. 34, Gov't Response at 10), therefore an Order here to that effect is **unnecessary**.

VIII.   Attorney Participation in Voir Dire and Voir Dire of Government' Experts

These two motions are best addressed by the District Judge with plenary jurisdiction over this case.  Therefore, this Court **declines** to rule on these motions and defers them to the District Judge.

IX.     Pretrial Production of Government Summaries

Next, defendant seeks timely production of the Government's summaries (Docket No. 33, Def. Motion at 22-23).  The Government agrees to provide its summaries pursuant to the District Court's Scheduling Order (Docket No. 34, Gov't Response at 11).  Again, an Order to this effect is unnecessary.

X.      Audibility Hearing

For any audio tapes in this case the Government intends to introduce at trial, defendant seeks an audibility hearing (Docket No. 33, Def. Motion at 24-25).  Defendant concedes that if the Government does not intend to offer any such tapes, his motion will be moot (id. at 24).  The Government states that it is not aware of any recordings it intends to offer at trial (Docket No. 34,

Gov't Response at 11).  Therefore, defendant's motion here is **moot**.  If the Government later intends to introduce any recordings, and, after having an opportunity to listen to any such recordings, the defense counsel believes an audibility hearing is warranted, such a hearing will be scheduled.

XI.    Grand Jury Transcripts

Next, defendant wants produced the grand jury transcripts, arguing that his bare bones Indictment does not provide sufficient detail of the charges against him (Docket No. 33, Def. Motion at 25).  The Government states that defendant was provided with the grand jury transcripts (Docket No. 34, Gov't Response at 6, Ex. A (cover letter of Nov. 27, 2006)).  Thus, this motion also is **moot**.

XII.    Other Motions

A.    Exclusion of Co-Conspirators' Statements

Defendant next seeks to exclude confessions from alleged co-conspirators that implicate him because that deprives him the ability to cross-examine the co-conspirators (Docket No. 33, Def. Motion at 25-26).  He also argues that such testimony, like the testimonial hearsay, is barred by Crawford (id. at 26).

The Government states, however, that it does not intend to introduce such evidence (Docket No. 34, Gov't Response at 13).  Therefore, defendant's motion on this ground should be **denied as moot**.

B.    Testimonial Hearsay

Next, defendant argues that the Government is barred, under the Sixth Amendment and Crawford, from offering at trial testimonial hearsay where the declarant does not testify at trial

9

(Docket No. 33, Def. Motion at 27).   The Government argues that this issue is best dealt with by

the District Court at trial (Docket No. 34, Gov't Response at 13).   This matter is better dealt with

by the District Judge and is this Court **declines** to rule on defendant's motion here and defers it to

the District Judge.

<u>CONCLUSION</u>

For the reasons stated above, defendant's omnibus motion (Docket No. 33) is **granted in**

**part, denied in part, or declines to rule in favor of the District Judge**, as detailed above for

each individual relief sought.

So Ordered.

_/s/ Hugh B. Scott_
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       March 19, 2007